UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

SPV-LS, LLC, FINANCIAL LIFE SERVICES,
LLC, SPV II LLC, AND LIFE TRADING
TRUST,

                    Plaintiffs,

          -against-


NACHMAN BERGMAN individually and as
TRUSTEE OF THE N BERGMAN INSURANCE
TRUST, THE REPRESENTATIVE OF THE ESTATE
OF NANCY BERGMAN, DAVID KOHN, HILLEL
SCHREIBER, MICHAEL LICHENSTEIN, MOSHE
WEISS, MOTI AKSLER, YOSSI HOFFMAN,
JACOB HERBST, WILLIAMSBURG SUPREME,
LLC, BENTZION MILLER, HERMAN SEGAL,
CAMBRIDGE SETTLEMENTS, LLC, MALKA
SILBERMAN and NELSON BLOOM,

                    Defendants.

--------------------------------------X

**MEMORANDUM AND ORDER**

15-CV-6231 (KAM)(CLP)

**MATSUMOTO, United States District Judge:**

          Pending before the court are plaintiffs' limited

objections to specific findings in a Report and Recommendation

("R&R") filed by Magistrate Judge Pollak on January 14, 2019.

The extensive factual background of the parties' longstanding

disputes giving rise to this action are set forth in Magistrate

Judge Pollak's thorough R&R.  The parties do not object to the

factual summary in the R&R, and this court assumes familiarity

with the history discussed therein.

On October 29, 2015, plaintiffs SPV-LS, LLC ("SPV"), Financial Life Services, LLC ("FLS"), SPV II, LLC ("SPV II"), and Life Trading Trust ("LTT") commenced this action against defendants Nachman Bergman, individually and as trustee of the N Bergman Trust ("Trust"), the Representative of the Estate of Nancy Bergman (the "Estate"), David Kohn, Hillel Schreiber, Michael Lichenstein, Moshe Weiss, Moti Aksler, Yossi Hoffman, Jacob Herbst, Williamsburg Supreme, LLC, Bentzion Miller, Herman Segal, and Cambridge Settlements, LLC, alleging that the defendants made fraudulent misrepresentations and concealed material facts to induce FLS into purchasing a life insurance policy on the secondary market. (ECF No. 1, Complaint.) Plaintiffs filed an amended complaint on January 8, 2016, which added defendant Malka Silberman, removed the Representative of the Estate of Nancy Bergman as a defendant, and clarified that Bergman and Silberman were being sued individually, rather than in either's alleged capacity as trustee of the Trust. (ECF No. 7, Amended Complaint ("Am. Compl.").) Only defendants Silberman and Bloom ("appearing defendants") answered the amended complaint. (*See* ECF No. 32, Silberman Answer to Am. Compl.; ECF No. 33, Bloom Answer to Am. Compl.)

On September 7, 2016, Magistrate Judge Marilyn Go ordered the plaintiffs to show cause in writing why the case should not be dismissed for lack of subject matter jurisdiction.

(ECF No. 98, Order to Show Cause.)   On April 21, 2017,
defendant Silberman requested an evidentiary hearing to resolve
remaining issues of subject matter jurisdiction.  (ECF No. 138,
Silberman Apr. 21, 2017 Ltr.)  The court referred the request
for a hearing to determine outstanding jurisdictional issues and
the sufficiency of plaintiffs' discovery responses to the
Honorable Cheryl L. Pollak, United States Magistrate Judge, on
April 25, 2017.

Presently before the court is a report and
recommendation issued on January 14, 2019 by Judge Pollak,
recommending that the court find that the plaintiffs have failed
to establish subject matter jurisdiction.  (ECF No. 151, Report
and Recommendation ("R&R")).  Plaintiffs timely objected to
Judge Pollak's R&R based on her finding regarding the
citizenship of FLS.  (ECF No. 153, Plaintiffs' Limited
Objections to the Report and Recommendation on Jurisdictional
Discovery and Request to Correct the Record ("R&R Objections").)
Defendant Silberman responded to those objections.  (ECF No.
158, Response to Objections to Report of Magistrate Judge Pollak
("Resp. to Objections").)  For the reasons set forth below, and
on *de novo* review of the issues raised by plaintiffs'
objections, the court denies plaintiffs' objections and adopts
Judge Pollak's carefully analyzed R&R in its entirety.

On September 7, 2016, Judge Go ordered the plaintiffs to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.[1] (ECF No. 98, Order to Show Cause.) Judge Go observed that although the plaintiffs' amended complaint alleged that the court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiffs had not sufficiently pled their citizenship because they failed to fully disclose the citizenship of each member of the LLCs (FLS, SPV, and SPV II) and of the trustee of the trust (LTT). (*Id.* at 1-2.) On September 16, 2016, plaintiffs filed a letter asserting jurisdictional facts regarding each of the plaintiffs. (ECF No. 105, Pls' Sept. 16, 2016 Ltr.) The letter stated that the sole member of FLS is "Michael Krasnerman, who is a citizen of Connecticut [and] [a]ccordingly FLS is a citizen of Connecticut for the purposes of diversity jurisdiction." (*Id.* at 2.)

At a hearing before Judge Go on September 20, 2016, Judge Go advised that establishing subject matter jurisdiction in this case might be complicated. (ECF No. 117, Sept. 20, 2016 Tr. at 42.) Defendant Silberman noted that plaintiffs' clarification on subject matter jurisdiction was a letter,

---

[1] Because this Memorandum and Order addresses whether there is subject matter jurisdiction, the court does not analyze the underlying claims except as necessary to resolve the issue before the court.

rather than a declaration, and that plaintiffs had failed to attach any supporting documentation regarding their citizenship claims. (*Id.* at 43.) Judge Go set a date for the parties to file pre-motion letters addressing jurisdictional issues with the court. (*Id.* at 47-49.) Judge Go's minute entry for the hearing stated that plaintiffs were "encouraged promptly to provide further documentation identifying all members or partners of [plaintiff] entities and their citizenship." (Dkt. Entry dated Sept. 20, 2016.)

Defendant Silberman subsequently filed a pre-motion conference request letter which announced her intent to file a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 112, Silberman Oct. 7, 2016 Ltr.) Silberman highlighted the jurisdictional flaws in the Amended Complaint and argued that plaintiffs had not adequately addressed those flaws in their letter responding to Judge Go's order to show cause. (*Id.* at 2.) Silberman also noted that plaintiffs had not provided any documentation to support their jurisdictional claims in their show cause letter or since Judge Go encouraged them to do so in her September 20, 2016 minute entry. (*Id.* at 3.) Silberman stated that she would withdraw the request for a pre-motion conference if plaintiffs provided ample documentation establishing citizenship for all relevant entities whose citizenship would be imputed to the plaintiffs and demonstrated

that the court had subject matter jurisdiction. (*Id.*)
Defendant Bloom also requested a pre-motion conference on
October 7, 2016, in support of a motion to dismiss for lack of
subject matter jurisdiction. (ECF No. 113, Nelson Oct. 7, 2016
Ltr.)

Meanwhile, plaintiffs requested leave to amend their
complaint, partially to "correct and supplement their
allegations bearing on the citizenship of the parties in this
case." (ECF No. 114, Pls' Oct. 7, 2016 Ltr. at 1-2.)
Plaintiffs acknowledged that "the Court [was] seeking more
information regarding the parties' citizenship in this case so
that the Court can establish that it ha[d] had subject matter
jurisdiction since commencement of the action." (*Id.* at 2.)
The proposed second amended complaint stated that the "sole
member [of FLS, LLC] is AllFinancial Group, LLC [and] [t]he sole
member of AllFinancial Group, LLC is Michael Krasnerman, who is
a citizen of the state of Florida." (ECF No. 114-1, Proposed
Second Amended Complaint ¶ 13.)

On October 27, 2016, plaintiffs responded to
Silberman's and Bloom's pre-motion conference letters regarding
dismissal for lack of subject matter jurisdiction. (ECF No.
121, Pls' Oct. 27, 2016 Ltr.) Plaintiffs' letter stated that
the sole member of FLS is AllFinancial Group, LLC ("AFG") and
that the sole member of AFG is Michael Krasnerman. (*Id.* at 2.)

Plaintiffs further stated that FLS is therefore a Florida citizen. (*Id.* at 2-3.) Plaintiffs attached to the letter AFG's Company Agreement, which stated that "Michael Krasnerman is the sole member of the company . . . ." (ECF No. 121-2, Amended and Restated LLC Agreement of AFG, LLC at 2.)

Plaintiffs' October 2016 letter also made assertions regarding the citizenship of the non-FLS plaintiffs and the defendants. (ECF No. 121, Pls' Oct. 27, 2016 Letter.) Plaintiffs included supporting documentation regarding the citizenship of plaintiff LTT. (*See generally* ECF Nos. 121-3 - 121-7.) Plaintiffs also attached a declaration from Michael Krasnerman. (ECF No. 121-1, Oct. 7, 2016 Krasnerman Decl..) In his declaration, Krasnerman states that he is a "resident of . . . Florida[.]" (*Id.* ¶ 1.) He also states that AFG is the sole member of FLS and that he is the sole member of AFG. (*Id.* ¶ 6.)

Defendant Silberman responded to plaintiffs' request to file an amended complaint on October 27, 2016. (ECF No. 122, Silberman Oct. 27, 2016 Ltr.) Silberman argued that the proposed second amended complaint failed to cure the subject matter jurisdiction issues that she and Judge Go had raised. (*Id.* at 7.) Silberman claimed that plaintiffs still had not provided sufficient documentation to show that the court had jurisdiction. (*Id.*) Silberman also pointed out discrepancies in plaintiffs' filings: plaintiffs' September 16, 2016 filing

7

stated that Krasnerman was the sole member of FLS and a citizen of Connecticut, whereas plaintiffs' October 27, 2016 filings stated that AFG was the sole member of FLS and Krasnerman was a citizen of Florida. (*Id.*)

The court held a conference on November 2, 2016. (*See* Nov. 2, 2016 Tr.) The court noted that documentation was needed beyond the attorneys' letters to establish jurisdiction. (*Id.* at 13.) The court noted that plaintiffs bore the burden to establish subject matter jurisdiction and that there were still unanswered questions about the nature, composition, and citizenship of members of the plaintiff entities. (*Id.* at 15.) The court ordered the plaintiffs to provide documentation to establish citizenship and diversity. (*Id.* at 16.) The court clarified that plaintiffs' document productions should be made to the defendants, rather than filed to the docket, and that the court would review such information when associated with a motion. (*Id.* at 17-18.) The motion to amend the complaint would be entertained once it was determined whether the court had jurisdiction over this case. (*Id.* at 20.)

In the court's minute entry for the November 2, 2016 conference, the court ordered that "[i]n order to assist the parties and the court in determining whether the court has jurisdiction, . . . plaintiffs [should] provide defendants Bloom and Silberman . . . with documents sufficient to show the

8

citizenship of each plaintiff entity and each individual member
of each plaintiff entity at the time of the filing of this
action." (Dkt. Entry dated Nov. 2, 2016.) Regarding the
individual members of plaintiff entities, plaintiffs were
ordered to "include tax returns, voter registration information,
drivers licenses and motor vehicle registration, bank
statements, and all other documents that [would] assist in
establishing citizenship." (*Id.*) The parties were ordered to
submit a joint status letter by December 14, 2016, which would
explain whether, based on plaintiffs' production, defendants
intended to move for dismissal for lack of subject matter
jurisdiction. (*Id.*)

     After receiving an extension, the plaintiffs and
Silberman filed a joint status letter on January 12, 2017. (ECF
No. 126, Jt. Jan. 12, 2017 Letter.) Plaintiffs claimed that
they had "produced all relevant documents proving their
citizenship." (*Id.* at 1.) Plaintiffs noted that Silberman had
requested additional documents, including an affidavit of
complete production, and made "requests [seeking] irrelevant
information." (*Id.* at 2.) Plaintiffs stated that Silberman
"ha[d] not provided the Court or Plaintiffs' counsel with the
basis for her motion [and] . . . ha[d] not stated which
plaintiff is non-diverse and why." (*Id.*) Plaintiffs requested
that the court order Silberman to file a letter "identifying the

basis for her claim that this Court lack[ed] subject matter jurisdiction." *Id.*

Silberman responded that the plaintiffs had delayed their production and that it was "intentionally deficient" when completed. (*Id.*) She noted that the first production contained "primarily only documents related to Mr. Krasnerman and his family" and that the "real issue in question with regards to subject matter jurisdiction [was] the citizenship of each entity, not the citizenship of Mr. Krasnerman . . . ." (*Id.* at 3.) Silberman further claimed that necessary information regarding the SPV and LTT entities was still missing. (*Id.* at 4.) Defendant Bloom also filed a letter generally stating that the productions had not resolved the jurisdictional question. (ECF No. 127, Bloom Jan. 12, 2017 Ltr.)

The court set a briefing schedule for the motion to dismiss for lack of subject matter jurisdiction and referred the parties to Judge Pollak for expedited discovery. (Dkt. Entry dated Jan. 17, 2017.) Judge Pollak ordered the defendants to provide a list of remaining documents needed to file the motion, and Silberman filed such a list on January 25, 2017. (Dkt. entry dated Jan. 19, 2017; ECF No. 129, Silberman Jan. 25, 2017 Ltr.)

On February 1, 2017, plaintiffs wrote that they understood Judge Pollak's January 19, 2017 order as directing

the parties to exchange the document requests and productions
among themselves, which "is standard litigation practice." (ECF
No. 130, Pls' Feb. 1, 2017 Ltr. at 1.) The plaintiffs also
quoted the court's instruction from the November 2, 2016
conference that the plaintiffs should produce documents to the
defendants. (*Id.* at 1 n.1.) Because Silberman filed her
document requests with the court, plaintiffs responded to the
requests publicly and "attached as exhibits to [their] letter
the previously-produced documents referenced [in the letter]."
(*Id.* at 1.) Plaintiffs again stated their position that they
had "produced information sufficient to establish their
citizenship and complete diversity among the parties," and that
Silberman had "never identified what specific information she
believe[d] [was] missing . . . to determine Plaintiffs'
citizenship." (*Id.*) Plaintiffs also repeated their belief that
many of the requested documents were "completely irrelevant to
Plaintiffs' citizenship." (*Id.* at 1-2.)

Plaintiffs' February 1, 2017 letter stated that
plaintiffs would consider any future document requests as an
attempt to delay adjudication of the merits and requested that
the court direct Silberman to file her motion to dismiss if she
made a request for additional documents. (*Id.*) Plaintiffs then
responded to each of Silberman's requests. (*Id.* at 2-10.)
Request 2 was for an "IRS 2015 Schedule C for Michael Krasnerman

showing the name of Plaintiff entity, Financial Life Services, LLC." (*Id.* at 2.) Plaintiffs responded that they "produced the first page of Mr. Krasnerman's 2015 Schedule C on December 14, 2016" (*id.*), and attached Schedule C (ECF No. 130-2, 2015 Schedule C), which contained a Florida business address, but had the business information redacted. Plaintiffs previously informed Silberman and Bloom that FLS's financial information was only reflected collectively with the financial information for all entities associated with Krasnerman and that the redacted business name was "a totally irrelevant entity which ha[d] no interest in any of the plaintiffs or th[e] proceeding." (ECF No. 130-3, Dec. 28, 2016 Email at 2.)

Plaintiffs further responded to request 2 by referring to the October 27, 2016 Krasnerman declaration and an FLS "Consent of the Sole Member" form that plaintiffs had produced on November 23, 2016. (ECF No. 130, Pls' Feb. 1, 2017 Ltr. at 2.) The Consent of the Sole Member form refers to the "undersigned, . . . the Sole Member and Sole Manager of Financial Life Services, LLC" and contains Krasnerman's signature in the Sole Member signature line. (ECF 130-6, FLS, LLC Joint Consent at 2-3.) Plaintiffs also produced the first page of Krasnerman's 2015 federal tax return, which listed his home address as being in Boca Raton, Florida. (ECF No. 130 at 2-3; ECF No. 130-7, Krasnerman 2015 Individual Income Tax Return

at 2.)  Based on these documents, plaintiffs' February 1, 2017 letter stated that they "ha[d] shown that FLS is a single-member LLC, that Michael Krasnerman is the sole member of FLS, that Michael Krasnerman resides in Florida[,] that Mr. Krasnerman reports FLS's profits and losses as part of his own federal tax filings[, and that] FLS is therefore a Florida citizen."  (ECF No. 130 at 3.)

In response to a separate request, plaintiffs also reported in their February 2017 letter that "[o]n November 23, 2016, Plaintiffs produced copious amounts of personal information, including driver's licenses, bank statements, voter registration cards and tax documents, showing that Mr. Krasnerman . . .[is a] Florida citizen[]."  (*Id.* at 6.)  These documents were not attached to the February letter submitted to the court.

The plaintiffs also filed a second declaration from Krasnerman with their February 1, 2017 letter responding to Silberman's requests.  (ECF No. 131, Feb. 1, 2017 Krasnerman Decl.)  The declaration stated that Krasnerman is a "resident of the State of Florida."  (*Id.* ¶ 1.)  It also stated that Krasnerman is "the sole member of AFG [and] AFG is the sole member of FLS."  (*Id.* ¶ 5.)

On February 21, 2017, defendant Silberman requested another pre-motion conference, again announcing an intention to

move to dismiss for lack of subject matter jurisdiction. (ECF
No. 133, Silberman Feb. 21, 2017 Ltr.) Silberman claimed that
plaintiffs had not proven diversity, but that she would not move
to dismiss on that ground if plaintiffs established diversity
and subject matter jurisdiction. (*Id.* at 1.) In describing the
deficiencies in plaintiffs' subject matter allegations,
Silberman touched only on plaintiff LTT and related entities
that would affect LTT's citizenship. (*Id.* at 2-7.)

On February 24, plaintiffs responded. (ECF No. 134,
Pls' Feb. 24, 2017 Ltr.) They argued that they had established
complete diversity and that LTT was not a necessary party to the
litigation regardless. (*Id.* at 1.) Plaintiffs requested that
the court allow the plaintiffs to amend the complaint to remove
LTT from the action. (*Id.* at 3.)

The court held a pre-motion conference on March 15,
2017. (Dkt. Entry dated Mar. 16, 2017.) The court noted
plaintiffs' failure to establish the citizenship of LTT, despite
the court's November 2, 2016 order to produce documents
sufficient to establish the citizenship of each plaintiff.
(*Id.*) The court ordered that the plaintiffs "must provide
documentation regarding the citizenship of each member of the
plaintiffs, including but not limited to LTT and its member
entity, Trading Holdco, LLC." (*Id.*) The parties were also
ordered to submit a joint status letter by April 21, 2017,

14

stating whether the defendants intended to move for dismissal for lack of subject matter jurisdiction.  (*Id.*)

Silberman filed a letter on April 21, 2017, requesting that the plaintiffs produce Krasnerman and/or a representative of an LTT-related entity for an evidentiary hearing.  (ECF No. 138, Silberman Apr. 21, 2017 Ltr.)  Silberman claimed that the plaintiffs had consistently delayed and made deficient productions.  (*Id.*)  Absent an evidentiary hearing resolving jurisdictional issues, Silberman would move to dismiss.  (*Id.*)

On the same day, plaintiffs filed a letter in response, in which they noted that Silberman had filed her letter without informing the plaintiffs, in lieu of the joint status letter the court ordered.  (ECF No. 139, Pls' Apr. 21, 2017 Ltr.)  Plaintiffs stated that they had provided sufficient documents to show the citizenship of LTT and that Silberman's counsel had not responded to plaintiffs' production or messages until the day before the joint status letter was due, at which point he claimed the production was deficient.  (*Id.* at 1-2.)  Plaintiffs stated that despite defense counsel's claims, they had established LTT's citizenship.  (*Id.* at 2-3.)

On April 25, 2017, the court referred Silberman's request for an evidentiary hearing to Judge Pollak.  (Dkt. Entry dated Apr. 25, 2017.)  The court expressed concern regarding plaintiffs' apparent lack of timely and accurate responses in

defiance of court orders.  (*Id.*)  The court noted, as an
example, that plaintiffs had changed, without explanation, their
representations about the entities comprising LTT.  (*Id.*)  The
court again ordered plaintiffs to comply with "previous orders
including, but not limited to, producing information and
documents regarding . . . the identities of individuals and
entities comprising the plaintiffs."  (*Id.*)

On May 2, 2017, plaintiffs wrote Judge Pollak to
address LTT's citizenship and claimed that the issue could be
resolved at an upcoming conference before her, without the need
for further documents, testimonial evidence, or an evidentiary
hearing.  (ECF No. 141, Pls' May 2, 2017 Ltr.)  Plaintiffs
claimed that their contradictory statements regarding LTT were
not unexplained and were unintentionally made.  (*Id.* at 3.)
They explained that only in March 2017 did they receive more
recent corporate organization documents which altered their
understanding of LTT's citizenship, and that they had provided
those documents to Silberman with a detailed cover letter
explaining that.  (*Id.* (citing ECF 138-1, Pls' March 29, 2017
Email).)

Plaintiffs also claimed that LTT is a Florida citizen
due to its connection to AFG and Michael Krasnerman, who are
Florida citizens.  (*Id.* at 2; *see also* ECF No. 141-1, LTT
Organizational Chart (showing Michael Krasnerman as a Florida

citizen and part of LTT's citizenship chain).) Plaintiffs argued there would be no need for a separate evidentiary hearing because they could "review with the Court the documents and case law sufficient to show that LTT is a Florida . . . citizen and that therefore this Court has subject matter jurisdiction." (ECF No. 141 at 4.)

Judge Pollak scheduled an evidentiary hearing for June 9, 2017. (ECF No. 143, Evidentiary Hearing Order.) At the hearing, Judge Pollak confirmed with the parties that the purpose of the hearing was to determine whether there was complete diversity between the various plaintiffs and the defendants. (June 9, 2017 Tr. at 1.) Plaintiffs' counsel stated that plaintiffs had "provided the Court with all of the explanations as to the citizenship of these entities" and that they had "previously established and Mrs. Silberman ha[d] not contested [that] Mr. Krasnerman's a Florida resident." (*Id.* at 36.) Plaintiffs claimed that they believed that the LTT dispute was the core issue for the hearing. (*Id.*) Judge Pollak also suggested that she understood the "only area of real dispute" to be regarding LTT (*id.* at 48), although court orders and Judge Pollak clearly stated that the purpose of the hearing was to determine if complete diversity and subject matter jurisdiction existed. (ECF No. 143, Evidentiary Hearing Order; June 9, 2017. Tr. at 1.)

17

Judge Pollak asked whether her understanding that FLS was a Delaware corporation with its principal place of business in Connecticut was correct and plaintiffs' counsel agreed. (*Id.* at 36-37.) Silberman's counsel also agreed that "FLS is a Delaware/Connecticut [citizen.]" (*Id.* at 37.) Krasnerman testified that FLS is owned by AFG. (*Id.* at 6). Krasnerman further testified that he is the sole member of AFG. (*Id.* at 52.)

Plaintiffs' counsel confirmed that Krasnerman is domiciled in Florida when asked by Silberman's counsel. (*Id.* at 40.) Krasnerman testified that he is a "resident" of Florida and that he moved there in November of 2014. (*Id.* at 40-41.) He lived in Connecticut prior to that. (*Id.*) Most of the hearing testimony focused on LTT and its related entities. (*See generally id.*) This included plaintiffs' clarification that they had changed their understanding of the citizenship of the entities that comprised LTT once they received documents reflecting corporate structure changes. (*Id.* at 93-94.)

Judge Pollak asked the parties to submit letters summarizing the evidence presented at the hearing and their positions regarding subject matter jurisdiction. (*Id.* at 106-08.) She reminded plaintiffs' counsel that plaintiffs bore the burden of establishing jurisdiction. (*Id.* at 108-09.) She

18

confirmed that these letters would assist her in writing the R&R.  (*Id.* at 109.)

On June 16, 2017, plaintiffs submitted their post-hearing letter.  (ECF No. 148, Pls' June 16, 2017 Ltr.)  The plaintiffs' letter stated their belief that "the evidentiary hearing demonstrated that there [were] no contested issues with respect to the Court's subject matter jurisdiction and that the parties [were] completely diverse."  (*Id.* at 1.)  Plaintiffs reported that Silberman's counsel did not raise any objections or disagreements to plaintiffs' position or analysis regarding the citizenship of SPV, SPV II, and FLS and that plaintiffs "[a]ccordingly . . . ha[d] demonstrated that SPV, SPV II, and FLS are diverse from the defendants."  (*Id.*)

Plaintiffs summarized their arguments on LTT's citizenship.  (*Id.* at 1-2.)  They also stated that Krasnerman's testimony "confirmed that he is a Florida citizen [and] [n]othing in [defense counsel's] line of questioning raised any doubts as to the citizenship of the Plaintiffs or the diversity of the parties."  (*Id.* at 2.)  Plaintiffs requested that Judge Pollak issue an R&R "stating that the Court [was] satisfied that the parties are completely diverse for purposes of subject matter jurisdiction."  (*Id.*)

Silberman filed her post-hearing letter on June 23, 2017.  (ECF No. 149, Silberman June 23, 2017 Ltr.)  She did not

explicitly state her view on subject matter jurisdiction, but "relie[d] on all of her past submissions regarding the subject matter jurisdiction of this Court and the transcript of the hearing of Mr. Krasnerman." (*Id.*)

Judge Pollak issued a Report and Recommendation on January 14, 2019, recommending a finding that, based on the evidence in the record, the plaintiffs had not established the citizenship of any of the plaintiffs and most of the defendants and that the court therefore lacked subject matter jurisdiction based on diversity. (ECF No. 151, R&R.)

**LEGAL STANDARD**

## I.   Review of R&R

A district court may designate a magistrate judge to conduct an evidentiary hearing and submit proposed findings and recommendations for the disposition of the case. *See* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation, "any party may serve and file written objections." *Id.; accord* Fed. R. Civ. P. 72(b) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). The district court shall then review the portions of the report and recommendation to which a party has timely objected under a *de novo* review standard, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

On *de novo* review, the court "is permitted, but not
required, to supplement the record by entertaining additional
evidence." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp.
3d 355, 368 (E.D.N.Y. 2014). "Considerations of efficiency and
fairness militate in favor of a full evidentiary submission for
the Magistrate Judge's consideration, and [the Second Circuit
has] upheld the exercise of the district court's discretion in
refusing to allow supplementation of the record upon the
district court's *de novo* review." *Hynes v. Squillace*, 143 F.3d
653, 656 (2d Cir. 1998).

In contrast to specific objections warranting *de novo*
review, "[g]eneral or conclusory objections, or objections which
merely recite the same arguments presented to the magistrate
judge, are reviewed for clear error." *New York City Dist.
Council of Carpenters v. Allied Design & Constr., LLC*, 335 F.
Supp. 3d 349, 351 (E.D.N.Y. 2018) (citations omitted). The
court also may adopt "those portions of a report and
recommendation to which no timely objections have been made,
provided no clear error is apparent from the face of the
record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535
(E.D.N.Y. 2018).

## II.   Subject Matter Jurisdiction

"'It is a fundamental precept that federal courts are
courts of limited jurisdiction' and lack the power to disregard

such limits as have been imposed by the Constitution or
Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa
P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (citing *Owen
Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).
By statute, district courts have original jurisdiction over "all
civil actions where the matter in controversy exceeds the sum or
value of $75,000 . . . and is between . . . citizens of
different States[.]" 28 U.S.C. § 1332(a). Plaintiffs allege
subject matter jurisdiction based on diversity. "A plaintiff
asserting subject matter jurisdiction has the burden of proving
by a preponderance of the evidence that it exists." *Makarova v.
United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he party
invoking federal jurisdiction . . . must allege a proper basis
for jurisdiction in his pleadings and must support those
allegations with 'competent proof' if . . . the court *sua sponte*
raises the question[.]" *Linardos v. Fortuna*, 157 F.3d 945, 947
(2d Cir. 1998) (citations omitted).

## DISCUSSION

Judge Pollak recommended a finding that the court
lacks subject matter jurisdiction over this matter. (ECF No.
151, R&R at 39.) Judge Pollak found that based on the record,
plaintiffs had not established the citizenship of all four
plaintiffs (FLS, LTT, SPV, and SPV II) and all but three of the
fourteen defendants (Silberman, Herbst, and Lichenstein), which

meant that the plaintiffs failed to establish complete diversity among the parties. (*Id.* at 28-39.) The record indicated that FLS, a limited liability company formed in Delaware with a principal place of business in Connecticut, had as its sole member, AFG, LLC, whose sole member was Krasnerman. (*Id.* at 28-29.) Judge Pollak noted that although Krasnerman testified that the sole member of AFG, LLC, is Krasnerman, documents presented to the court prior to the hearing stated that Krasnerman individually, and not as a member of AFG, was the sole member of FLS. (*Id.* at 28-29.) FLS's citizenship accordingly depends on Krasnerman's citizenship. (*Id.* at 29.) Because of conflicts in the representations by counsel, the testimony of Krasnerman, documents in the record, and a lack of sufficient information in the record, Judge Pollak could not determine Krasnerman's citizenship and recommended a finding that, therefore, FLS's citizenship could not be determined either. (*Id.* at 30.)

For the reasons herein, and having reviewed the R&R both for clear error and *de novo*, the court finds no clear error, and further finds on *de novo* review that plaintiffs have not established diversity subject matter jurisdiction. As set forth below, the court adopts Judge Pollak's report and recommendation in full. The court addresses plaintiffs' objections below.

## I. Plaintiffs' Objections

Plaintiffs object to the R&R's finding regarding the citizenship of Krasnerman and FLS, which they argue was based on an incomplete record of plaintiffs' document productions. (ECF No. 153, R&R Objections at 1.) Plaintiffs assert that the documents they served on the defendants establishing the citizenship of FLS and Krasnerman were not filed in accordance with an instruction from the court to refrain from filing their productions. (*Id.* at 5-6.) Plaintiffs state that they believed that they had resolved the jurisdictional questions with the defendants, and that the evidentiary hearing was to address remaining questions regarding the citizenship of LTT. (*Id.* at 6-8.) Plaintiffs claim that for those reasons, they did not submit to the court documents regarding the citizenship of the non-LTT plaintiffs. (*Id.* at 8.)

In their objections, plaintiffs argue that the documents they produced to the defendants establish Krasnerman's Florida citizenship, and attach a declaration with those supporting documents to their objections. (*Id.* at 9, 11; ECF No. 154, Kramer Decl.; ECF No. 154-1, Nov. 23, 2016 Kramer Email; ECF No. 154-2, Krasnerman Documents.) Defendant Silberman argues that this new evidence should not be considered by the court, that it should have been produced and entered into evidence at the evidentiary hearing, and that defendants would be deprived of the opportunity to cross-examine Krasnerman

regarding the evidence. (ECF No. 158, Resp. to Objections at 5.) Plaintiffs request that the court reject or modify Judge Pollak's findings with respect to Krasnerman's and FLS's citizenship and find that both are citizens of Florida. (ECF No. 153, R&R Objections at 2, 12.)

Plaintiffs also explain in their objections that the U.S. District Court for the District of South Dakota has issued a judgment in SPV's favor for the same $10 million life insurance policy proceeds at issue in this litigation, and that the South Dakota district court has denied a motion by the Estate of Nancy Bergman to reconsider that judgment. (*Id.* at 11.) The United States Court of Appeals for the Eighth circuit has affirmed the district court. (*Id.* (citing *SPV-LS, LLC v. Transamerica Life Insurance Company*, 912 F.3d 1106 (8th Cir. 2019)).) Plaintiffs state that the Estate has cited Judge Pollak's R&R in a Petition for Rehearing to Amend or Vacate the Judgment in the Eighth Circuit, and that the Estate has expressed an intent to file the R&R in the District of South Dakota to challenge diversity jurisdiction there as well. (*Id.* at 11.) Plaintiffs contend that the R&R's "treatment of FLS's citizenship is prejudicing SPV's and FLS's rights in the South Dakota litigation." (*Id.* at 12.) The court considers the plaintiffs' objections below.

A. <u>Establishing Subject Matter Jurisdiction</u>

"It is firmly established that diversity of
citizenship 'should be distinctly and positively averred in the
pleadings, or should appear with equal distinctness in other
parts of the record.'" *Leveraged Leasing Admin. Corp. v.*
*PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (citing
*Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389 (1893)).
"The burden of persuasion for establishing diversity
jurisdiction, of course, remains on the party asserting it. . .
.  When challenged on allegations of jurisdictional facts, the
parties must support their allegations by competent proof."
*Hertz Corp. v. Friend*, 559 U.S. 77, 96-97(2010).

In September 2016, Magistrate Judge Go identified
plaintiffs' failure to allege sufficient jurisdictional facts
between each of the parties in their amended complaint.  As
described above, defendants Silberman and Bloom thereafter
expressed their intentions several times to move for dismissal
for lack of subject matter jurisdiction, and the court issued
multiple subsequent orders (dated November 2, 2016, March 16,
2017, and April 25, 2017) directing the plaintiffs to produce
sufficient documents to establish the parties' citizenship and
diversity jurisdiction.  The court now considers whether the
evidence that plaintiffs entered into the record constitutes
sufficient and competent proof supporting their allegations of
citizenship.

Plaintiffs filed a letter on September 16, 2016 stating that the sole member of FLS is "Michael Krasnerman, who is a citizen of Connecticut [and that] [a]ccordingly FLS is a citizen of Connecticut for purposes of diversity jurisdiction." (ECF No. 105, Pls' Sept. 16, 2016 Ltr.)  They subsequently stated that the sole member of FLS is AFG, that the sole member of AFG is Krasnerman, that Krasnerman is a resident of Florida, and that FLS is, therefore, a citizen of Florida.  (ECF No. 121, Pls' Oct. 27, 2016 Ltr. at 2-3.)  Krasnerman's October 27, 2016 declaration states that he is a "resident of  . . . Florida" and the sole member of AFG, which is in turn the sole member of FLS. (ECF No. 121-1, Oct. 27, 2016 Krasnerman Decl. ¶¶ 1, 6.)

In a February 1, 2017 letter, plaintiffs stated that "FLS is . . . a Florida citizen."  (ECF No. 130, Pls' Feb. 1, 2017 Ltr. at 3.)  The same letter claimed that plaintiffs had "produced copious amounts of personal information, including driver's licenses, bank statements, voter registration cards and tax documents, showing that Mr. Krasnerman . . . [is a] Florida citizen[]."  (*Id.* at 6.)  Of those documents, the court received one 2015 tax return from Krasnerman that listed a Florida home address.  (ECF No. 130-7, Krasnerman 2015 Individual Income Tax Return at 2.)  Krasnerman provided a second declaration stating that he is a resident of Florida and the sole member of AFG,

which is the sole member of FLS.  (ECF No. 131, Feb. 1, 2017
Krasnerman Decl. ¶¶ 1, 5.)

At the evidentiary hearing on June 9, 2017,
plaintiffs' counsel confirmed to defense counsel that Krasnerman
is domiciled in Florida.  (June 9, 2017 Tr. at 40.)  Krasnerman
testified that he is a resident of Florida and has been since
2014, when he relocated there from Connecticut.  (*Id.* at 40-41.)
In their post-hearing letter, plaintiffs stated that
Krasnerman's hearing testimony "confirmed that he is a Florida
citizen."  (ECF No. 148, Pls' June 16, 2017 Letter.)

Although the plaintiffs have made many assertions
regarding Krasnerman's and FLS's citizenship, there is little
documentary proof to support those assertions.  Plaintiffs'
shifting positions regarding the citizenship of Krasnerman and
the entities that purportedly comprise the shareholders and
owners of the plaintiffs demonstrate why additional
documentation is necessary for establishing diversity
jurisdiction in this action.  (*See, e.g.*, Dkt. Entry dated Apr.
25, 2017 (noting that plaintiffs changed their representation
regarding the makeup of LTT).)  Plaintiffs claim in their
objections that they "alerted the Court of the error [of
originally stating Krasnerman is a citizen of Connecticut]
immediately" through the first Krasnerman declaration.  (ECF No.
153, R&R Objections at 11 n.3.)  But neither that declaration

nor its accompanying cover letter explained the plaintiffs'
initial representation regarding Krasnerman's residence in
Connecticut.

Plaintiffs similarly claim that an incomplete record
is the reason for a conflict regarding the membership of FLS.
(ECF No. 153, R&R Objections at 11 n.3.)  Although Krasnerman
stated during the evidentiary hearing and in his declarations
that AFG is the sole member of FLS and that he is the sole
member of AFG, the plaintiffs filed a document stating that
Krasnerman, rather than AFG, is the sole member of FLS *on the
same day* that plaintiffs filed the second Krasnerman declaration
stating otherwise.  (*Compare* ECF No. 131, Feb. 1, 2017
Krasnerman Decl. ¶ 5 ("I am the sole member of AFG.  AFG is the
sole member of FLS.") *with* ECF No. 130, Pls' Feb. 1, 2017 Ltr.
at 3 ("Michael Krasnerman is the sole member of FLS[.]") *and* ECF
No. 130-6, FLS, LLC Joint Consent ("[T]he undersigned, being the
Sole Member . . . of Financial Life Services LLC . . . Sole
Member: Michael Krasnerman")).  Although Krasnerman's
citizenship would dictate FLS's citizenship either way, the
cited representations are not the same.

Furthermore, at the evidentiary hearing, plaintiffs'
position regarding FLS's citizenship was that FLS is a Delaware
corporation with a principal place of business in Connecticut.
(*See* June 9, 2017 Tr. at 36-37.)  This position has the dual

problems of identifying states other than Florida and identifying information relevant for determining the citizenship of a corporation, rather than a limited liability company.

In context of the discrepancies in the record, one tax return and two declarations stating that Krasnerman is a Florida citizen are insufficient for establishing citizenship. On *de novo* review, the court agrees with Judge Pollak that in light of their shifting and contradictory representations, plaintiffs failed to adequately establish the citizenship of FLS, a necessity for establishing complete diversity.

B. <u>Considering Newly Submitted Evidence of</u>
   <u>Citizenship</u>

"A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), *aff'd*, 578 F. App'x 51 (2d Cir. 2014). "Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005).

Rather than submit new evidence in support of their objections, plaintiffs could have presented the same evidence regarding FLS's citizenship in their response to Magistrate

Judge Go's September 2016 order to show cause, or with any of their multiple letters regarding subject matter jurisdiction, or at the evidentiary hearing, or in their post-hearing letter to Judge Pollak prior to her issuance of the R&R.  Plaintiffs' claims that the court instructed them not to file their productions regarding citizenship and that they believed the defendants agreed there were no jurisdictional issues regarding the non-LTT plaintiffs are not compelling.

The court did not disregard, and could not have disregarded, plaintiffs' burden to establish subject matter jurisdiction.  The court repeatedly ordered the parties to engage in jurisdictional discovery, after which time it would be appropriate for the defendants to bring a motion for dismissal for lack of subject matter jurisdiction, if defendants had not received adequate documentation.  Although the court stated that document productions during discovery should not be filed on the docket, the court indicated that it would consider jurisdictional information not only at the hearing, but also during motion practice challenging jurisdiction.  (*See* ECF No. 124, Nov. 2, 2016 Tr. 16-19.)  In the ordinary course of litigation, parties do not file responses to discovery to the court, as plaintiffs recognized in a letter to Judge Pollak. (*See* ECF No. 130, Pls' Feb. 1, 2017 Ltr. at 1.)  But parties are still required to introduce into evidence documents that may

have been produced during discovery and are necessary for adjudication of a claim or defense.  In any event, plaintiffs consistently attached jurisdictional documents to their letters to the court, which confirms that they could have done so regarding FLS's citizenship.

The court referred to Judge Pollak a request for a hearing which would, in part, "determine . . . the sufficiency of plaintiffs' discovery responses."  (Dkt. Entry dated Apr. 25, 2017.)  Plaintiffs could have clearly established on the record at the hearing, with supporting documentation, the citizenship of each plaintiff and defendant to support its allegation of subject matter jurisdiction.  At the conclusion of the hearing, Judge Pollak allowed the parties to file papers "summarizing what they [thought came] out of th[e] hearing *and why they [thought] there [was or was not an] issue with respect to jurisdiction*."  (June 9, 2017 Tr. 108 (emphasis added).)  Judge Pollak also reminded the plaintiffs that they had to satisfy their burden to establish jurisdiction.  (*Id.* at 108.)

Plaintiffs argued after the evidentiary hearing that "[defense] counsel did not raise any objections or disagreements" regarding plaintiffs' position on citizenship for SPV, SPV II, and FLS, and "[a]ccordingly, Plaintiffs ha[d] demonstrated that SPV, SPV II, FLS are diverse from the defendants."  (ECF No. 148, Pls' June 16, 2017 Ltr.)  The

parties' agreement on subject matter jurisdiction is not the relevant threshold. "[W]here [jurisdiction] does not . . . exist, neither the litigants nor the court itself can confer it." *City of New York v. Exxon Corp.*, 697 F. Supp. 677, 687 (S.D.N.Y. 1988).

Plaintiffs' objections note that they have sought to amend their complaint to remove LTT as a party. (ECF No. 153, R&R Objections at 2 n.2.) This amendment, however, would not cure the lack of jurisdiction for the reasons explained below. In addition to the rules governing consideration of evidence newly submitted with R&R objections, the general rules regarding the amendment of pleadings to establish subject matter jurisdiction also do not warrant consideration of the Kramer declaration and supporting attachments. A party's failure to adequately allege subject matter jurisdiction in the complaint "does not always require that the action be dismissed, for 'the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (citing *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) (emphasis in original)). "[W]hen the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the

court] may simply 'deem the pleadings amended so as to properly allege diversity jurisdiction.'" *Id.* (citing *Canedy v. Liberty Mutual Insurance Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). The court will "'generally afford an opportunity for amendment' of the pleadings to cure defective jurisdictional allegations unless 'the record clearly indicates that the complaint could not be saved by any truthful amendment[.]'" *Id.* at 65 (citing *Canedy*, 126 F.3d at 103).

The court has already afforded plaintiffs multiple opportunities to address jurisdictional problems. Since 2016, when Judge Go raised her initial concerns, plaintiffs have been on notice of their failure to meet their burden of proof. Although the defendants ultimately never filed a motion to dismiss for lack of subject matter jurisdiction, plaintiffs still bore their burden of ensuring that the court had sufficient proof supporting the allegations regarding the citizenship of each plaintiff and defendant. Plaintiffs' focus on specific issues that they believed concerned the defendants does not cure plaintiffs' failure. Moreover, neither the objections nor the Kramer affidavit and attachments attempt to establish the citizenship of any parties other than FLS or challenge the overall finding that there is no subject matter jurisdiction. The court, therefore, cannot deem the pleadings amended to allege diversity jurisdiction, even with the recent

filings, and will not grant the plaintiffs yet another
opportunity to meet their burden.

Furthermore, even if the court were to permit
plaintiffs to amend their complaint to remove LTT as a
plaintiff, subject matter jurisdiction would still be lacking.
As Judge Pollak found, plaintiffs SPV-LS, LLC and SPV II, LLC
have not provided any evidence that they are not citizens of New
York.  The trustee of SPV-LS, LLC is South Dakota Trust Co., LLC
("SDTC"), whose citizenship is relevant to determine the
citizenship of SPV-LS, LLC.  Plaintiffs, however, produced no
evidence regarding SDTC's membership, claiming that it was
irrelevant.  (ECF No. 151, R&R at 36.)  Plaintiffs do not object
to the recommended findings that plaintiffs SPV-LS, LLC and SPV
II, LLC have not established that they are not New York
citizens, based on a judicial finding that one of SDTC's members
is a New York citizen.  (*Id.*)

In addition, the plaintiffs have indicated that the
reason for their objections is not to establish subject matter
jurisdiction in this case.  Plaintiffs instead seek to obtain a
factual finding from this court that will help protect a
favorable judgment issued in the District of South Dakota and
upheld by the Eighth Circuit.  They concede that "denial of the
Estate's appeal and upholding of the award to SPV significantly
altered Plaintiffs' economic objectives both in South Dakota and

in this Court." (ECF No. 153, R&R Objections at 12.) This is also not a compelling reason for the court to consider jurisdictional evidence which should have been submitted earlier in this litigation and which would have no impact on the disposition of this case.

Plaintiffs argue that the R&R's "treatment of FLS's citizenship is prejudicing SPV's and FLS's rights in the South Dakota litigation." (*Id.* at 13.) This is not so. Plaintiffs bear the burden of establishing subject matter jurisdiction in District of South Dakota, as they did here, and this court will not reach conclusions solely to ease plaintiffs' jurisdictional burdens in another forum.[2]

The court has reviewed the remainder of the Report and Recommendation for clear error and, finding none, agrees with and adopts the R&R's sound reasoning and its recommendations.

---

[2] Plaintiffs' concern regarding prejudice in another forum appears to be moot regardless. The Eighth Circuit denied the Estate's petition for rehearing and motion to supplement the record with Judge Pollak's R&R. (*SPV-LS, LLC v. Transamerica Life Insurance Company*, 4:14-cv-4092, Dkt. No. 545, Eighth Circuit Order Denying Petition for Rehearing (S.D. Feb. 1, 2019).) Moreover, the Estate has withdrawn its motion for the South Dakota District Court to take judicial notice of Judge Pollak's R&R and now supports SPV-LS's motion requesting an immediate disbursement of the funds from the life insurance policy. (*Id.*, Dkt. No. 553, Withdrawal of Estate's Motions and Joinder in SPV-LS, LLC's Motion (S.D. Mar. 12, 2019).) The South Dakota District Court ordered the "release to SPV of all funds on deposit with [the] Court in connection with [the] case, including the remaining policy proceeds" on April 1, 2019. (*Id.*, Dkt. No. 555, Order (S.D. Apr. 1, 2019).) Two checks were "issued on April 3, 2019 pursuant to order 555." (*See id.*, Dkt. Entries dated Apr. 9, 2019.)

**CONCLUSION**

For the foregoing reasons, and upon both clear error and *de novo* review, the court adopts Judge Pollak's Report and Recommendation and dismisses this action for lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**


Dated:    April 10, 2019
          Brooklyn, New York


_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York